UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:  Chapter 7

Tabatha Manuel, Case No. 14-53487

      Debtor. Hon. Mark A. Randon
_____/

## ORDER GRANTING DEBTOR'S *PRO SE* MOTION FOR VIOLATION OF THE AUTOMATIC STAY

**A CREDITOR VIOLATES THE AUTOMATIC STAY WHEN IT FAILS TO RELEASE A BANKRUPTCY DEBTOR'S PENDING PREPETITION TAX GARNISHMENT AND REFUSES TO RETURN THE GARNISHED FUNDS RECEIVED POSTPETITION**

**I.  INTRODUCTION**

Soon after Debtor filed her Chapter 7 bankruptcy petition, she notified Chrysler Financial ("Chrysler") and asked that its pending garnishment of her Michigan income tax refund be released.[1] Chrysler denied the request. It later received the garnished funds postpetition, but refused to turn them over to Debtor or seek relief from the Court. Debtor's motion for violation of the automatic stay is pending. The motion is fully briefed; the Court heard argument on December 22, 2014.

Because Chrysler was required to stop the continuation of its collection proceedings *against the Debtor* – whether or not the garnishment lien was perfected prepetition – its refusal was unjustified and a willful violation of the automatic stay. By ***January 5, 2015***, Chrysler must pay Debtor the $664.00 in actual damages and an additional $500.00 in punitive damages for its reckless disregard of Debtor's rights under the Bankruptcy Code.

---

[1] Chrysler Financial is now known as TD Auto Finance LLC.

## II. BACKGROUND

On November 22, 2013, Chrysler obtained a judgment against Debtor for $15,098.84. Chrysler served a writ of garnishment on the Michigan Department of Treasury ("the State") in December 2013. As required by Michigan law, the State filed a Garnishment Disclosure in the 48th District Court.

Debtor filed bankruptcy under Chapter 7 in August 2014; she notified Chrysler of the filing on multiple occasions and requested that it file a garnishment release. In response, Chrysler conducted an investigation, confirmed Debtor's bankruptcy – listing Chrysler as a creditor – but would not release its prepetition tax garnishment. When it later received $664.00 in garnished funds from the State in November 2014, it refused to turn them over to the Debtor. This motion followed.

## III. ANALYSIS

Michigan law required Chrysler to serve a writ of garnishment on the State. Mich. Comp. Laws § 600.4061(1). Absent objection, once the writ of garnishment for Debtor's income tax refund was received, the State was required to intercept the refund and deposit the garnished funds with the clerk of the court or Chrysler's attorney. Mich. Comp. Laws §§ 600.4061a(1), 600.4061a(b)(i), (ii).

Chrysler's garnishment lien was, therefore, perfected prepetition once served on the State in December 2013. *See Bleau v. First of Am. Bank-Central (In re Arnold)*, 132 B.R. 13, 15 (Bankr. E.D. Mich. 1991) (creditor prefects its lien under Michigan law upon service of its writ of garnishment). But Chrysler's perfected lien is irrelevant to the question before the Court: did Chrysler violate the automatic stay by accepting funds postpetition pursuant to a prepetition lien?

-2-

14-53487-mar    Doc 38    Filed 12/23/14    Entered 12/23/14 17:20:58    Page 2 of 7

*See In re McCall-Pruitt*, 281 B.R. 910, 911 (Bankr. E.D. Mich. 2002) ("[w]hether the respondents have a perfected security interest is not relevant to the issue of whether they violated the automatic stay"). The timing of Chrysler's lien perfection may determine whether or not the garnished funds are considered property of the bankruptcy estate. *Stevenson v. PHI Air Medical, LLC (In re Justin)*, 2014 WL 3373863, at *3 (Bankr. E.D. Mich. 2014) ("[d]ebtor had no legal or equitable interest in the reimbursement check when he filed for bankruptcy; the proceeds are, therefore, not property of the estate"). But, the scope of the automatic stay encompasses more than property of the estate – it prohibits the continuation of actions or proceedings against property of the estate *or against the Debtor*.

The Court acknowledges a split in authority on whether the automatic stay was violated: some courts have similarly held that a creditor's postpetition acceptance of funds pursuant to a prepetition garnishment violates the automatic stay.[2] *See e.g., In re Roche*, 361 B.R. 615, 623 (Bankr. N.D. Ga. 2005) ("[w]here a garnishment lien holder has notice of the automatic stay, courts have consistently found that a creditor willfully violates the stay by failing to release that garnishment. . . . Whether a creditor believes that the automatic stay is inapplicable to its pre-petition garnishment is irrelevant"); *In re McCall-Pruitt*, 281 B.R. at 912 ("the Court concludes that the respondents had a duty to halt *all* collection proceedings when the debtor filed for bankruptcy protection. Their failure to do so and their acceptance of the funds from the State of

---

[2]The Court also recognizes that "once a Bankruptcy Court enters its judgment holding a debt nondischargeable, the automatic stay does not preclude execution of the judgment against property of the debtor which is not property of the estate." *Boatmen's Bank v. Embry (In re Embry)*, 10 F.3d 401, 404 (6th Cir. 1993). However, because the Court has not ruled that the debt owed to Chrysler is nondischargeable, *In re Embry* does not apply.

Michigan violated the automatic stay, even though they took no further action to enforce the garnishment") (emphasis in original).

Other courts have concluded that a creditor does not violate the automatic stay by refusing to return money received pursuant to a prepetition garnishment. *See e.g., In re Saults*, 293 B.R. 739, 749 (Bankr. E.D. Tenn. 2002) ("the court concludes that the defendant's postpetition receipt of funds garnished prepetition and the defendant's refusal to turn the funds over to the debtor did not constitute violations of the automatic stay by the defendant"); *In re Giles*, 271 B.R. 903, 907 (Bankr. M.D. Fla. 2002) ("the violation of the automatic stay alleged by the [d]ebtor is the failure of a creditor to release a garnished account to the detriment of its lien rights. Under such circumstances, the court concludes that the creditor's refusal to release its lien did not violate the automatic stay. It follows, therefore, that the [d]ebtor is not entitled to sanctions[.]").

The Court finds the former line of cases best reflects the intended purpose and broad scope of the automatic stay.

The automatic stay provision of 11 U.S.C. § 362(a) took immediate effect once Debtor filed her bankruptcy petition in August 2014. Among other things, the automatic stay prohibits:

>    (1)   the . . . continuation . . . of a judicial, administrative, or other action or proceeding *against the debtor* that was . . . commenced before the commencement of the case, or to recover a claim *against the debtor* that arose before the commencement of the case[.]; [and]
>
>    (2)   the enforcement, *against the debtor* . . . of a judgment obtained before the commencement of the case[.]

11 U.S.C. § 362(a) (emphasis added). A writ of non-periodic tax garnishment continues until the creditor receives all of the money due under the garnishment, or the writ is otherwise terminated

-4-

or released. *See* Michigan Compiled Laws § 600.4061a (explaining duties of state treasurer upon receipt of income tax garnishment). Therefore, "[t]o honor the automatic stay of the Bankruptcy Code . . . a garnishing creditor cannot choose to do nothing an[d] pass the buck to the garnishee or the court in which the garnishment is filed to effectuate the stay. A creditor must affirmatively act to prevent further garnishment." *Bailey v. Davant (In re Bailey)*, 428 B.R. 694, 699 (Bankr. N.D. W. Va. 2010) (internal quotations omitted); *see also In re McCall-Pruitt*, 281 B.R. at 911 ("[c]ourts have overwhelmingly and consistently held that a creditor's failure to halt collection proceedings after a petition is filed violates the automatic stay"); *In re Banks*, 253 B.R. 25, 30 (Bankr. E.D. Mich. 2000) ("courts widely agree that a creditor has an affirmative duty to dismiss a prepetition garnishment upon learning of the bankruptcy filing"); *In re Forkner*, 2010 WL 5462543, at *5 (Bankr. N.D. Iowa Dec. 22, 2010) ("[a] creditor has an affirmative duty to stop garnishment proceedings and return funds they received post-petition even though the creditor had taken no affirmative collection action post-petition"); *Spagner v. Latham, Stall, Wagner, Steel & Lehman, P.C.*, 2005 WL 1950364, at *2 (W.D. Okla. Aug. 15, 2005) (once defendants received notice of plaintiffs' bankruptcy filing, defendants had an "affirmative duty not only to cease collection efforts, but also to return funds they received post-petition"); *In re Briskey*, 258 B.R. 473, 477 (Bankr. M.D. Ala. 2001):

> It is clear beyond all doubt that garnishing creditors are required to take all necessary action to release their garnishments in order to implement the automatic stay, upon receiving notice of a bankruptcy filing. This is true even if the garnishment process became effective prior to the date of the bankruptcy filing and did not, at the time it first became effective, violate the automatic stay. Indeed, the creditor must not only cease from taking any affirmative action which would violate the automatic stay, it must also take all necessary affirmative action to stop proceedings which are in violation of the automatic stay.

The Court, therefore, follows the line of cases holding that creditors violate the automatic stay by accepting funds postpetition pursuant to a prepetition garnishment.

Chrysler concedes that it had knowledge of Debtor's bankruptcy filing – and thus knowledge of the automatic stay – when it failed to release the tax garnishment and accepted the garnished funds postpetition. As such, it violated the automatic stay. The violation was also willful. *See* 11 U.S.C. § 362(k) ("an individual injured by any *willful* violation of a stay provided by this section *shall* recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages") (emphasis added). "Creditors, or their lawyers, commit willful violations of the automatic stay when they fail to promptly release a garnishment and may be sanctioned as the equities of each individual case may dictate." *In re Briskey*, 258 B.R. at 478; *see also In re Daniels*, 206 B.R. 444, 445 (Bankr. E.D. Mich. 1997):

> Virtually everybody agrees that a violation is willful when a creditor acts intentionally with knowledge of the stay or, more generally, the bankruptcy. Actually, the courts do not disagree on the event about which the creditor must be aware because knowledge of the bankruptcy filing is the legal equivalent of knowledge of the stay.
>
> A specific intent to violate the stay is not required, or even an awareness by the creditor that her conduct violates the stay. It is sufficient that the creditor knows of the bankruptcy and engages in deliberate conduct that, it so happens, is a violation of the stay. Moreover, where there is actual notice of the bankruptcy it must be presumed that the violation was deliberate or intentional.

(Internal citations, quotations, and brackets omitted). The Court finds Chrysler's failure to release the garnishment was willful; Debtor is entitled to sanctions, and the Court finds an assessment of punitive damages appropriate under the circumstances. *See In re Murphy*, 2014 WL 1089854, at *3 (Bankr. N.D. Ohio March 19, 2014) (punitive damages appropriate when creditor acts in reckless disregard of the law).

## IV. CONCLUSION

Because Chrysler was required to stop continuation of its collection proceedings *against the Debtor* – whether or not the garnishment lien was perfected prepetition – its refusal was unjustified and a willful violation of the automatic stay. By *January 5, 2015*, Chrysler must pay Debtor the $664.00 in actual damages, and an additional $500.00 in punitive damages for its reckless disregard of Debtor's rights under the Bankruptcy Code.

**IT IS ORDERED**.

**Signed on December 23, 2014**        **/s/ Mark A. Randon**
**Mark A. Randon**
**United States Bankruptcy Judge**